RECEIVED BY MAIL
NOV 6 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DARRIN L. LEE,
PLAINTIFF,

v.

THOMAS GULLETT,
TYSON MANCHE,
JAMES NICHOLSON,
KRISTEN GARDNER,
DEFENDANTS,

CIVIL ACTION NO. 1:17-CV-99 PLC

JURY TRIAL DEMAND

IN THEIR JOINT AND
INDIVIDUAL CAPACITY

## I. COMPLAINT

PLAINTIFF, DARRIN L. LEE, PRO SE, FOR HIS COMPLAINT STATE AS FOLLOWS

## II. PARTIES, JURISDICTION AND VENUE

1) PLAINTIFF, DARRIN L. LEE, WAS CONFINED AT THE EASTERN RECEPTION AND DIAGNOSTIC CONTROL CENTER MISSOURI DEPARTMENT OF CORRECTIONAL INSTITUTES FOR THE STATE, LOCATED AT, 2727 Highway K. IN THE CITY OF BONNE TERRE IN THE STATE OF MISSOURI FROM THE MONTH OF APRIL, 2016 UNTIL August 25th, 2016. PLAINTIFF IS CURRENTLY INCARCERATED AT THE SOUTHEAST CORRECTIONAL CENTER- 300 E. PEDRO SIMMONS DRIVE CHARLESTON MISSOURI 63834.

2) PLAINTIFF, DARRIN L. LEE, IS, AND WAS AT ALL TIMES MENTIONED HEREIN, AN ADULT CITIZEN OF THE UNITED STATES AND A RESIDENT OF THE STATE OF MISSOURI.

3) I, THE PLAINTIFF DARRIN L. LEE, AM THE ONLY COMPLAINANT IN THIS CIVIL ACTION CLAIM

4.) Defendant Thomas Gullett was at all relevant times herein a type two [seargent] correctional officer for the Missouri Department of Correction at the Eastern Reception and Diagnostic Control Center.

5.) Defendant Tyson Manche was at all relevant times a type one correctional officer for the Missouri Department of Correction at the Eastern Reception and Diagnostic Control Center.

6.) Defendant Kristen Gardner was at all relevant times an RN for the Missouri Department of Correction at the Eastern Reception and Diagnostic Control Center contracted in through and by Corizon LLC.

7.) Defendant James Nicholson was at all relevant times an investigator contracted in to the Missouri Department of Correction.

8.) This action arises under and is brought under and pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of state law, by rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. This court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343.

9.) Plaintiffs claims for injunctive relief are authorized by Rule 65 of Federal Rules of Civil Procedures.

10.) This cause of action arouse in the Eastern District of Missouri. Therefore, venue is proper under 28 U.S.C. Section 1391 (b).

III. Previous Lawsuits by Plaintiff

11.) Plaintiff has filed other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment. [View Initial Informal Pauperis [IFP] Request].

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.) I, THE PLAINTIFF, DARRIN L. LEE, EXHAUSTED ALL ADMINISTRATIVE REMEDIES PRETAINING TO THIS LAWSUIT AND WILL SUBMITT THEM TO THE COURTS UPON REQUEST OR DEMAND.

## V. STATEMENT OF CLAIM

13.) AT ALL RELEVANT TIMES HEREIN, DEFENDANTS WERE "PERSONS" FOR PURPOSES OF 42 U.S.C. SECTION 1983 AND ACTED UNDER COLOR OF LAW TO DEPRIVE THE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS, AS SET FORTH MORE FULLY BELOW.

## VI. STATEMENT OF FACTS

14.) THE FOLLOWING IS A BRIEF STATEMENT OF FACTS PRETAINING TO MY CASE DESCRIBING HOW EACH DEFENDANT IS INVOLVED IN ORDER OF EVENTS:

1.) ON AUGUST 2ND, 2016 I, THE PLAINTIFF DARRIN L. LEE, THE PARTY IN WHICH IS BRINGING THE SUIT, WAS BEING CONFINED WITHIN THE EASTERN RECEPTION AND DIAGNOSTIC CONTROL CENTER. I, THE PLAINTIFF DARRIN L. LEE WAS ISSUED A CONDUCT VIOLATION BY C.O.I TYSON MANCHE IN WHICH WAS BEING READ TO ME BY C.O.II THOMAS GULLETT.

2.) DURING THE READING OF THE CONDUCT VIOLATION ISSUED BY C.O.I TYSON (DEFENDANT) MANCHE, C.O.II THOMAS GULLETT (DEFENDANT) ASKED ME, DARRIN L. LEE, THE PLAINTIFF, IF I WANTED ANY WITNESSES. I INFORMED C.O.II THOMAS GULLETT THAT I DID WANT WITNESSES ON THE CONDUCT VIOLATION AND HE, C.O.II THOMAS GULLETT STATED "TELL IT TO THE TEAM!" I THEN INFORMED HIM "YOU ASKED ME DID I KNOW MY RIGHTS TO A CONDUCT VIOLATION, I TOLD YOU THAT I DID AND TO HAVE A WITNESS IS ONE OF MY RIGHTS. THE 'TEAM' IS GOING TO TELL ME I SHOULD'VE TOLD YOU". THE DEFENDANT THOMAS GULLETT THEN ASKED ME "WELL WHERE IS THE WITNESS FORMS?" I SAID "I DON'T KNOW", AND THEN DEFENDANT C.O.I TYSON MANCHE APPOINTED HIM TO WHERE THEY COULD BE LOCATED

Page 4-of-10

3.) I, THE PLAINTIFF DARRIN L. LEE, STATED "IF YOU'RE GOING TO DO YOUR JOB DO IT TO THE BEST OF YOUR ABILITY. LIKE, WHAT TYPE OF MAN DOESN'T WANT TO BE A MASTER OF HIS CRAFT"; THE DEFENDANT C.O. II THOMAS GULLETT THEN TOLD ME IN AN AGGRESSIVE MANNER TO "SHUT UP"! I, THE PLAINTIFF DARRIN L. LEE, SAID "OK", THE DEFENDANT THOMAS GULLETT SAID "YOU NEED TO STOP WHILE YOU'RE AHEAD. NOW I SAID SHUT UP," AND I, THE PLAINTIFF DARRIN L. LEE, STATED "I SAID OKAY".

4.) THE DEFENDANT C.O. II THOMAS GULLETT THEN STATED "TURN AROUND AND CUFF UP", WHILE COMING AROUND THE CASEWORKERS DESK [IN THE AREA IN WHICH THE INCIDENT TOOK PLACE] WITH SO MUCH AGGRESSION HE BUMPED THE DESK WITH HIS HIP, SO I STOOD UP BECAUSE I DIDN'T WANT HIM TO TRY DOING ANYTHING TO ME WHILE I WAS SITTING DOWN.

5.) THE DEFENDANT C.O. II THOMAS GULLETT THEN SAID "TURN AROUND AND CUFF UP", I SAID "FOR WHAT I DIDN'T DO ANYTHING", HE SAID "TURN AROUND AND CUFF UP" I SAID "FOR WHAT I DIDN'T DO ANYTHING" AND THE DEFENDANT THOMAS GULLETT THEN PULLED HIS PEPPER SPRAY. I TURNED MY HEAD TO THE RIGHT AND STATED "DON'T SPRAY ME WITH THAT MAN", THOMAS GULLETT THEN STATED "THEN TURN AROUND AND CUFF UP". I COMPLIED WITH THE DIRECTIVE AND SUBMITTED TO WRIST RESTRAINTS.

6.) THE DEFENDANT C.O. II THOMAS GULLETT THEN PLACED THE WRIST RESTRAINT ON MY RIGHT WRIST AND THEN GRABBED THE BACK OF MY SHIRT AND SLAMMED ME, THE PLAINTIFF DARRIN L. LEE, INTO THE WALL. I PLACED MY HAND ON THE WALL AND TURNED MY HEAD TO LOOK OVER MY LEFT SHOULDER AND SAID "WHAT THE"... AND C.O. II GULLETT STARTED STRIKING ME IN MY FACE WITH

A CLOSED FIST REPEATEDLY.

7.) I, THE PLAINTIFF DARRIN L. LEE, THEN PUT MY HANDS UP PALMS FACING MY ATTACKER TO WARD OFF THE MALICIOUSLY SADISTIC PHYSICAL ABUSE.

8.) AT THIS TIME, THE SECOND DEFENDANT C.O.I TYSON MANCHE STOOD UP FROM THE SEAT HE WAS OCCUPYING THE WHOLE TIME WATCHING THE FIRST DEFENDANT C.O.I THOMAS GULLETT ASSAULT THE PLAINTIFF DARRIN L. LEE.

9.) C.O.I TYSON MANCHE THEN STARTED SPRAYING ME WITH PEPPER SPRAY WHILE C.O.I THOMAS GULLETT CONTINUED STRIKING ME WITH A CLOSED FIST.

10.) DURING THE ATTACK ON THE PLAINTIFF DARRIN L. LEE THE OFFICER WHO WAS IN THE HOUSING UNIT CONTROL CENTER SEEN THE INCIDENT TAKING PLACE AND HE, C.O.I CURTOISE, CAME INTO THE CASE WORKERS OFFICE SLAMMED ME ON THE GROUND AND CUFFED MY LEFT WRIST IN THE WRIST RESTRAINTS IN WHICH WERE ALREADY ATTACHED TO MY RIGHT WRIST.

11.) THE DEFENDANT C.O.I THOMAS GULLETT THEN JUMPED ON MY BACK WHILE I WAS LAYING ON MY STOMACH ON THE FLOOR IN WRIST RESTRAINTS AND STUCK HIS FINGERS IN MY LEFT EYE AS IF TRYING TO PLUCK IT OUT OF IT'S SOCKET. I SCREAMED "HE'S GOT HIS FINGERS IN MY EYE! HE'S GOT HIS FINGERS IN MY EYE!", AND C.O.I CURTOISE PULLED DEFENDANT C.O.I THOMAS GULLETT OFF OF ME.

12.) C.O.I CURTOISE AND ANOTHER C.O.I WALKED ME OUT OF THE HOUSING UNIT AND WE MADE IT OUT TO THE MAIN WALK, DEFENDANT C.O.I THOMAS GULLETT RAN OUT AND YELLED "AND HE GETS NOTHING

13.) THE TWO C.O'S ESCORTING ME THEN STARTED WALKING ME

to the administrative segregation unit. I informed them that I needed medical tention that I felt like my left eye was bleeding on the inside but they walked me past 'T.C.U.'.

14.) I, the Plaintiff was then taken into a mental health close observation/suicide cell where I had all my clothes cut off and was left in there without any clothes, without a matress without blankets or sheets and unjustifiably.

15.) DEFENDER Nurse Kristen Gardner came to the suicided cell I was forcefully occupying and I, the Plaintiff Darrin L. Lee tried explaining to her my injuries but couldn't open my left eye due to the pepper spray, the swelling, a torn retna and busted blood vessels (which caused the whole left eye to be blood shot.).

16.) Defendant Nurse Kristen Gardner stated "If You're not going to open your eye, I can't assess you" and I informed her that I couldn't because of the pepper spray she walked off (while I was trying to tell her what was going on and that I wanted her to take pictures of my face) thus-leaving my, the Plaintiff Darrin L. Lee, injuries untreated.

17.) THE NEXT MORNING I, the Plaintiff Darrin L. Lee, suffering from a torn left retna, busted blood vessels in my left eye, swelling in my face still without any clothes, blankets or sheets, freezing cold, in a suicide cell spoke to another nurse by the name of Melinda Howe who scheduled me for an appointment with the optomitrist.

18.) (IT TOOK A WEEK) A week later I went in to be seen by the optomitrist and an eye exam was conducted where the doctor put a suppliment

USED TO DIALATE THE PUPIL IN MY LEFT EYE AND CONTINUED THE EYE EXAM WHERE HE (THE EYE DOCTOR) DISCOVERED THAT MY, THE PLAINTIFF DARRIN L. LEE, RETNA WAS TORN AND THAT THE BLOOD VESSELS WERE BUSTED. HE (THE EYE DOCTOR) THEN CHECKED MY, THE PLAINTIFF DARRIN L. LEE, EYE SITE AND INFORMED ME THAT DUE TO THE EYE TRAUMA THE VISION IN MY SPECTACLE CHANGED AND MY PERSCRIPTION IN MY LEFT LENS WORSENED AND NEEDED TO BE CHANGED.

19.) THE OPTOMITRIST THEN STATED TO ME, THE PLAINTIFF DARRIN L. LEE THOUGH IT MAY BE PAINFUL, AND VERY MUCH SO A TRAJIC SITUATION, WITH THE SOLUTION HE PUT IN MY LEFT EYE AS WELL AS THE NEW PERSCRIPTION THE RETNA [THOUGH NOT COMPLETELY BACK TO NORMAL] WOULD HEAL IN SIX MONTHS TO A FULL CALENDER YEAR [IN WHICH I, THE PLAINTIFF DARRIN L. LEE, STILL SUFFER FROM THE INJURIES CAUSED BY DEFENDANT C.O.I THOMAS GULLETT AND DEFENDANT C.O.I TYSON MANCHE.

20.) THE ISSUE IN WHICH I, THE PLAINTIFF DARRIN L. LEE, FILED MY 1983 IN FORMA PAUPERIS PRETAINS TO THE DEFENDANT JAMES NICHOLSON BECAUSE HE IS MAN-DATED TO MEDIATE PROBLEMS BETWEEN INMATES AND CUSTODY OFFICERS. BUT INSTEAD OF DOING SO BY PROPERLY INVESTIGATING THE SITUATION [EVEN AFTER I INFORMED HIM, THE DEFENDANT JAMES NICHOLSON, THAT I WAS ASSAULTED] THE DEFENDANT JAMES NICHOLSON PUT ME IN FOR PROSECUTION. INSTEAD OF CLASSIFYING THE INCIDENT UNDER EMPLOYEE MISCONDUCT INVESTIGATION OR OFFENDER ABUSE. THIS INCIDENT TOOK PLACE ON AUGUST 2ND, 2016 AND I FILED AN I.R.R ON THE SITUATION ON THE DAY OF AUGUST 5TH, 2016 BUT I DIDNT SEE THE DEFENDANT INVESTIGATOR JAMES NICHOLSON UNTILL AUGUST 23RD, 2016.

21.) ONCE I, THE PLAINTIFF DARRIN L. LEE, REPORTED TO THE PROPER AUTHORITY, VIA GRIEVANCE PROCEDURE/EXHAUSTION OF ADMINISTRATIVE REMEDIES, DUE TO THE SERIOUS NATURE OF THE GRIEVANCE THE SITUATION SHOULD HAVE BEEN INVESTIGATED AND THE VIDEO FOOTAGE SHOULD HAVE BEEN REVIEWED. AND THE INVESTIGATIVE FINDINGS WOULD HAVE INDICATED THAT THERE WAS SUBSTANTIATING EVIDENCE TO SUPPORT MY CLAIM.

22.) THE DEFENDANT JAMES NICHOLSON INSTEAD RELINQUISHED A PROBABLE CAUSE WARRANT REQUEST FOR PROSECUTION TO THE PROSECUTING ATTORNEY FOR THE ST. FRANCOIS COUNTY COURT HOUSE ON THE GROUNDS MERE HEARSAY FROM DEFENDANTS C.O.I THOMAS GULLETT" C.O.I TYSON MANCHE.

23.) FALSIFIED STATE AND LEGAL DOCUMENTATION ON THE BEHALF OF DEFENDANTS C.O.I THOMAS GULLETT, C.O.I TYSON MANCHE AND JAMES NICHOLSON CONSTITUTE AS CONSPIRACY TO CAUSE ME INDIFFERENCE AND INJUSTICE WITHOUT DUE PROCESS OF LAW.

24.) IN GENERAL, THE DEFENDANT NURSE KRISTEN GARDNER SHOWED DELIBERATE INDIFFERENCE TO THE MEDICAL NEEDS OF A PRISONER, AND PARTICULARLY NEGLECTED THOSE OF THE PLAINTIFF.

25.) MEDICAL CARE AT THE PRISON WAS INADEQUATE AND UNPROFESSIONAL MEDICAL RECORDS VITAL IN ASSESSING A PATIENTS POTENTIAL FOR FUTURE SICKNESS, WERE NOT USED TO ASSIST DIAGNOSES. DEFICIENCIES WERE THE NORM, AND THE PLAINTIFF WAS UNABLE TO OBTAIN AN EXAMINATION OR MEDICAL CARE UPON REQUEST. PRISONER HAD TO SUBMIT GRIEVANCES IN ORDER TO RECEIVE MEDICAL CARE FROM PHYSICIAN OR HOSPITAL.

26.) THE SCREENING PROCESS IN WHICH WOULD HAVE DETERMINED WHETHER

THE PATIENT/PLAINTIFF DARRIN L. LEE, NEEDED ATTENTION WAS INADEQUATE, AND IN THE INTERIM, I, THE PLAINTIFF DARRIN L. LEE, SHOULD NOT HAVE HAD TO BEG OR FILE A GRIEVANCE TO RECEIVE MEDICAL ATTENTION.

27.) THE DEFENDANT KRISTEN GARDNER'S OWN ACTION DEPRIVED ME, THE PLAINTIFF DARRIN L. LEE, OF MY CIVIL RIGHTS, GUARANTEED BY THE CONSTITUTION AND LAWS OF THE UNITED STATES THE STATE OF MISSOURI AND SET FORTH BY THE STANDARD OPERATING PROCEEDURES OF THE MISSOURI DEPARTMENT OF CORRECTIONS.

VII PRAYER FOR

THEREFORE THE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF

28.) I, THE PLAINTIFF DARRIN L. LEE, REQUEST AN ORDER DECLARING THAT THE DEFENDANTS HAVE ACTED IN VIOLATION OF THE UNITED STATES CONSTITUTION

29.) THE PLAINTIFF IS REQUESTING AN INJUNCTION COMPELLING THE DEFENDANTS TO PROVIDE THE CLERK OF COURT WITH A FULL SUMMARY REPORT OF THE CRIMINAL CASE [ST V. DARRIN LEE - 16SF-CR01263] IN WHICH IS PENDING IN SAINT FRANCOIS COUNTY SUCH AS:

1.) THE REQUEST FOR PROSECUTION TO THE PROSECUTOR FROM JAMES NICHOLSON AND ALL OTHER MO.D.O.C OFFICIALS NAMED THEREIN;

2.) THE EVIDENCE IN WHICH IS BEING USED IN SAID CASE, i.e. SURVEILLENCE FOOTAGE, PICTURES, C.O.II THOMAS GULLETT'S MEDICAL RECORDS, INCIDENT REPORTS, ALL WRITTEN AND VERBIR (AUDIO) DOCUMENTATION, STYNOGRAPHS FROM ALL COURT DATES/ COURT APPEARENCES AS WELL AS NON-APPEARENCES COPY OF THE COURT DOCKET etc.

30.) THE PLAINTIFF REQUEST THAT THE CHARGES BROUGHT AGAINST HIM IN THE COUNTY OF SAINT FRANCOIS BE DISMISSED WITHOUT PREJUDICE.

31.) THE PLAINTIFF REQUEST THE TERMINATION OF EMPLOYMENT [FROM THE DEPARTMENT OF CORRECTION] OF ALL THE DEFENDANTS MENTIONED HEREIN

32.) THE PLAINTIFF REQUEST A $1,000,000 REWARD TO SERVE AS COMPENSATORY DAMAGES.

33.) THE PLAINTIFF ALSO REQUEST THAT THE COURTS ORDER ANY SANCTION IT DEEMS NECESSARY TO ASSURE THAT EACH VIOLATION OF THE LAW MENTIONED AND ONES THAT ARE SIMULAR NEVER OCCURE AGAIN.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE

*Darrin J. Lee*
PLAINTIFFS SIGNITURE

October 31st, 2017
Date

Case: 1:17-cv-00099-PLC   Doc. #: 22   Filed: 11/06/17   Page: 10 of 11 PageID #: 76

Case: 1:17-cv-00099-PLC   Doc. #: 22   Filed: 11/06/17  Page: 11 of 11 PageID #: 88

'44361
-118
mal Center
Simmons Drive
- 63834

ate in the custody of
ons. The Department
this correspondence.
nt or to verify
se visit our website at

SAINT LOUIS MO 630

02 NOV 2017 PM 8 L

HU #2

RECEIVED
BY MAIL

NOV -6 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

63703-623555

Office of The Clerk
United States District Court
Southeastern Division
555 Independence Street
Cape Girardeau, Missouri
65703